### DOOLITTLE *against* BLAKESLEY.

[In the report of this case, *ante*, p. 265—274. the obser-
vations of Judges SWIFT and N. SMITH, in support of
their respective opinions, were omitted by mistake.
Their proper place is at the conclusion of Judge
BRAINERD's opinion, p. 274.; but as the reader will be
referred to them by the index and table of cases, it is
hoped that no inconvenience will result from their in-
sertion here.]

N. SMITH, J.   I think the court in this case were
correct both in admitting the testimony and charging the
jury.

It became important to prove that the lands in ques-
tion were no part of the *home farm*.   And for that pur-
pose evidence that they were then wild, uncultivated
lands, and separated from the *home farm* by a highway,
was undoubtedly proper.   So proof that the grantee
never went into possession of the land in question, but
permitted the grantor to continue possession quite down
to his death, and frequently applied to him to purchase
timber on it, amounts to an acknowledgment that it was

June, 1810. no part of the *home farm;* and therefore did not pass by
the deed.

DOOLITTLE
v.
BLAKESLEY.

It was argued at the bar, that the court below had admitted evidence to prove a fifteen years' possession of a part of the lands in dispute, and on such evidence had established a possessory title to the whole ; but this argument is not supported by any statement on record.

All that we find is, that the court admitted evidence to prove a possession of part of the demanded premises ; and this is perfectly consistent with having other evidence to prove possession of other parts, until a possessory title was established to the whole ; and in this stage of the cause, we are bound to presume that such was the case.

The court charged the jury, that when husband and wife are tenants in common, the coverture of the wife will not protect the husband against the operation of the statute for quieting possessions. And I can find neither principle nor precedent to warrant a contrary opinion.

The husband can bring his action at any time ; and there is no reason why he should not bring it before the lapse of fifteen years, if ever.

SWIFT, J. At the trial of this case, relying on the decisions and practice in the superior court, I was inclined to the opinion that the disability of one tenant in common, which came within the saving of the statute, saved the co-tenants ; but on further reflection, I am satisfied that the practice heretofore adopted is not warranted by the statute. There can be no doubt but that by the words of the statute the right of tenants in common is as effectually taken away by fifteen years' adverse possession, as that of owners in severalty ; and there is no saving in the statute for tenants in common, because their co-tenants are under a disability.

I can find no case in the common law authorities upon this precise point ; and it would seem probable that such

June, 1810.

DOOLITTLE
v.
BLAKESLEY.

a principle was never contended for in the construction of the statute of 21 *Jac.* I. c. 16. but though no case to this point can be found, yet I apprehend there are cases which, in effect, settle this principle.

Where one tenant in common is in possession not adversely to his co-tenants, it has been held that, in such case, the possession of one is the possession of all, and that the statute does not operate. At the same time it was said, that the possession must be adverse ; that there must be an actual disseisin to bring the case within the statute : from whence it follows, that where there is an actual disseisin of one tenant in common by another, the disseisor would acquire a title by fifteen years' possession against his co-tenant : and this decision is clearly founded on principle ; for it being admitted that a tenant in common can disseise his co-tenant, such adverse possession is as fully within the statute, as the case of a stranger holding adversely to a several owner.

If, then, a tenant in common can acquire a title by fifteen years' adverse possession against a co-tenant, it proves that the circumstance of tenancy in common makes no difference in the construction of the statute ; for if one tenant in common can acquire a right against another by adverse possession, then a stranger may, though one co-tenant is under a disability that saves his right. If the right of a tenant in common be not saved against the adverse possession of a co-tenant, on account of the tenancy in common, then it cannot be saved against the adverse possession of a stranger, for the reason that a co-tenant is within the saving of the statute ; for it would be strange to say, that the disability of a tenant which protected him from the statute, should protect a co-tenant against a stranger, when, if such tenant had been in possession, he would have acquired a right against the same co-tenant.

I therefore concur in opinion, that a new trial ought not to be granted.